# LAW OFFICE OF ALAN J. TAUBER, P.C.
## ATTORNEY AT LAW
_____

ALAN J. TAUBER*

*ALSO MEMBER NEW JERSEY

718 Arch Street
Suite 701N
Philadelphia, PA 19106

www.atauberlaw.com
215.313-7188 • FAX 215.703.1675

January 27, 2026

The Honorable John F. Murphy
United States District Judge
United States Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

Re:    *United States v. Mikal McCracken, Amin Muse, Aleem*
*Abdul-Hakim, Dean Fosque, Kavon Coleman, Amadou Moussa,*
*and Davon Squire*
Crim. No. 24-3

Dear Judge Murphy:

On behalf of defendant Aleem Abdul-Hakim, counsel submits the following letter to address evidentiary issues related to FRE 107 and 1006 issues raised by the government's expressed intention on how it will present the evidence in this case. The government has advised the defense that it intends to introduce an illustrative presentation at the conclusion of its first tranche of evidence addressing two carjackings and one homicide from February 6, 2022. Presumably, the government intends to repeat this form of presentation throughout the trial as it moves through the evidence of the different carjackings charged in the indictment.

First, it is evident from the evidence supplied by the government and the proposed deck of visual summaries that the government intends to present through Special Agent Yeager, the lead investigator in this case, that FRE 107 rather than FRE 1006 is at issue. Co-counsel for defendant McCracken has submitted memos on this issue laying out the difference in these rules so this letter will not delve deeply into the distinctions. Suffice it to say that Rule 1006 addresses the problems caused by the need to present highly voluminous material in an efficient manner and allows summaries to be admitted as evidence to avoid extraordinarily long and complex presentations. Rule 107 is designed to allow for a summation of complex and potentially confusing evidence. Although the defense disputes the need for such a presentation, Rule 107 is clearly the rule at play in this case and the Court should be guided by directions and limitations set forth therein.

The defense objects to the government's Rule 107 presentations on the grounds that it is unnecessary, will cause an already long trial to become significantly longer and because it is highly

Honorable John F. Murphy
January 27, 2026
Page two

prejudicial.  First, the evidence that the government intends to summarize is neither complex nor confusing.  The evidence consists of location data in the form of maps used everyday in directional applications and which can easily be presented and explained by the witness proffering them.  It also includes evidence of phone calls and text messages between defendants and others that is also self-evident and easily summarized by a proffering witness and counsel in their closing arguments.  Finally, the presentation contains video evidence that could not be more demonstrative and again is easily contextualized by the proffering witness.  Restating the evidence with the imprimatur of the FBI's case agent is unfairly repetitive and adds a gleam of credibility that is prejudicial to the defendants without adding anything that cannot be explained by the witnesses who qualify the evidence and by the jury who are readily qualified to understand its straightforward meaning. The 18 or more mini-summations anticipated is grossly unfair to the defense.

Should the Court permit the illustrative presentations under Rule 107, it should insist that all of the evidence that will be discussed be properly admitted first without permitting the deferral of the introduction of such evidence for future presentation.  Under these circumstances, all objections and qualifications ordered by the Court will be addressed in advance and the illustrative regurgitation of the evidence can be carefully curated to avoid improper discussion of evidence excluded or circumscribed by the Court.  In the event that the Court allows the agent's summations to include evidence not yet entered in the record-a protocol that is strongly opposed-then it should allow the defense to make blanket objections to discussion of that evidence so the defense is not placed into the position of having to constantly object, annoyingly interrupt and appear obstructionist.

Finally, if the Court is to allow illustrative presentations contemplated by Rule 107, the defense objects to the physical aids-slides, videos, maps, charts and the like-be admitted as exhibits that the jury would be allowed to review during deliberations.  Those materials should be made a part of the record for future appellate review but should not be accessible by the jury as suggested in Rule 107.

Respectfully submitted,

/s/*William Brennan*
Willaim Brennan

/s/*Alan Tauber*
Alan Tauber

Counsel for Defendant Aleem Abdul-Hakim

cc:  All counsel (via ECF)